UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
CHRISTOPHER EZERSKY,            :
        Plaintiff,             :
                               :
    v.                         :        CA 06-435 T
                               :
MICHAEL J. ASTRUE,[1]          :
COMMISSIONER OF                :
SOCIAL SECURITY,               :
        Defendant.            :
```

## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

This matter is before the Court on the request of Plaintiff Christopher Ezersky ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act"). Plaintiff has filed a motion to reverse the Commissioner's decision or, alternatively, remand the matter to the Commissioner. Defendant Michael J. Astrue ("Defendant") has filed a motion under sentence four of 42 U.S.C. § 405(g) for remand of the case to the Commissioner for further

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d)(1), Commissioner Astrue is hereby substituted for Joanne B. Barnhart as Defendant in this action. See Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party ...."); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

administrative proceedings.

The matter has been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition.  See 28 U.S.C. § 636(b)(1)(B).  For the reasons stated herein, I find that remand to the Commissioner is appropriate.  Accordingly, I recommend that Defendant's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand of the Cause to the Defendant (Document ("Doc.") #10) ("Motion for Remand") be granted and that Plaintiff's Motion to Reverse without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision (Doc. #8) ("Motion to Reverse or Remand") be granted to the extent that the matter be remanded for further administrative proceedings.

### Facts and Travel

Plaintiff was thirty-five years old at the time of the hearing before the Administrative Law Judge ("ALJ").  (Record ("R.") at 19)  He has a high school education and past relevant work experience as a civil engineering technician, heavy equipment operator, casino coin counter, automobile dealer, and chimney sweep.  (Id.)

Plaintiff filed an application for DIB and SSI on May 2, 2002, alleging disability since December 1, 2001, due to chronic right ear epicondylitis, attention deficit hyperactivity disorder ("ADHD"), and depression.  (Id.)  The applications were denied initially and on reconsideration, and a request for a hearing before an ALJ was timely filed.  (Id.)  A hearing was conducted on August 2, 2005, at which Plaintiff, represented by counsel, appeared and testified.  (Id.)  A medical expert ("ME") and vocational expert ("VE") also testified.  (Id.)  The ALJ issued a decision on October 27, 2005, in which he found Plaintiff not

2

disabled and, therefore, not entitled to DIB or SSI.[2]  (R. at 19-25)  Plaintiff requested review by the Appeals Council, (R. at 15), which on June 23, 2006, declined review, (R. at 9-11), thereby rendering the ALJ's decision the final decision of the Commissioner, (R. at 9).

On October 3, 2006, Plaintiff filed a Complaint (Doc. #1) in this Court, alleging that the ALJ's decision is not supported by substantial evidence, see Complaint ¶ 13, that the ALJ made harmful legal errors, see id. ¶ 14, that the Appeals Council erroneously denied review, see id. ¶ 15, and that Defendant's findings of fact are legally inadequate, see id. ¶ 16. Defendant's Answer (Doc. #2) was filed on November 30, 2006.  The case was subsequently referred to this Magistrate Judge for a report and recommendation.  See Order dated April 16, 2007 (Doc. #3).  Plaintiff's Motion to Reverse or Remand (Doc. #8) was filed on June 15, 2007.  On August 17, 2007, Defendant filed the Motion for Remand (Doc. #10).

## Discussion

Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to

---

[2] Specifically, the ALJ found: that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability; that Plaintiff's right upper extremity epicondylitis and substance induced mood disorder were severe impairments, but did not meet or equal a listed impairment; that Plaintiff's allegations regarding his limitations were not entirely credible; that Plaintiff had the residual functional capacity ("RFC") to lift and carry ten pounds regularly and twenty pounds occasionally and to sit, stand, or walk for six hours in an eight-hour workday, but that he could not perform work above the sedentary level with his right upper extremity and was moderately limited in his ability to maintain concentration and attention and to deal appropriately with the public, co-workers, and supervisors; that Plaintiff could not perform any of his past relevant work; that Plaintiff could perform a significant range of light work; that Plaintiff could perform a significant number of jobs in the national economy, including night watchman, packer, inspector, and vending machine serviceman; and that, as a result, Plaintiff was not disabled within the meaning of the Act.  (Record ("R.") at 24-25)

3

enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2006). Defendant states that:

> Following further consideration by the Appeals Council, the Commissioner has determined that remand would be appropriate, and, accordingly, requests that the court remand this case to the Appeals Council, so that it may issue an order remanding this case to an Administrative Law Judge for further development and proper resolution of the issue concerning medical source opinions (in particular the opinion and assessment of Dr. Robin).

Memorandum in Support of Motion for Entry of Judgment under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand of the Cause to the Commissioner ("Defendant's Mem.") at 1-2.

The Court agrees that remand is appropriate for further evaluation of the medical source opinions in the record.[3] Accordingly, I recommend that the matter be remanded to the Commissioner for further administrative proceedings.

### Conclusion

I recommend that Defendant's Motion for Remand be granted and that the matter be remanded to the Commissioner for further administrative proceedings as outlined above. Any objections to this Report and Recommendation must be specific and must be filed

---

[3] Plaintiff raised three issues: 1) that the ALJ failed to mention or evaluate the opinion of Plaintiff's treating psychiatrist, Dr. Richard Robin, in violation of 20 C.F.R. § 404.1527(d)(2); 2) that the ALJ's evaluation of the state agency non-examining physician's opinion was factually and legally deficient; and 3) that the ALJ's evaluation of substance abuse did not follow the prescribed method for such evaluation. See Plaintiff's Memorandum in Support of Plaintiff's Motion to Reverse without a Remand for a Rehearing or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision at 7-13. Because the Court has determined that remand is warranted for further evaluation of the medical source opinions, it need not address Plaintiff's remaining contention.

with the Clerk of Court within ten (10) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


<u>/s/ David L. Martin</u>
DAVID L. MARTIN
United States Magistrate Judge
September 21, 2007

5